UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JESUS MEDINA,<br><br>       Plaintiff,<br><br>v.<br><br>CREDIT SYSTEMS INTERNATIONAL, INC.,<br><br>       Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:19-cv-00024<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT TO
THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW comes JESUS MEDINA ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CREDIT SYSTEMS INTERNATIONAL, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a 45 year-old consumer, residing in Hidalgo County, Texas, which lies within the Southern District of Texas.

5. Defendant boasts that it is "a nationally recognized Accounts Receivable Management firm headquartered in Fort Worth, Texas. [Defendant] specializes in consumer centric collection solutions and continues to provide dependable recovery strategies for a multitude of industries with extensive experience in the healthcare, utility and governmental industries."[1]

6. Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 1277 Country Club Lane, Fort Worth, Texas 76112. Defendant's registered agent in Texas is Corporation Service Company d/b/a CSC Lawyers Incorporated whose address is 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In 2017, Plaintiff became a customer of Green Mountain Energy Company ("Green Mountain"). He received residential electric energy services from Green Mountain.

---

[1] http://www.creditsystemsintl.com/index.asp

9. In 2018, after receiving services from Green Mountain for a period of time, Plaintiff discovered that he was being over-charged by Green Mountain. As a result Plaintiff terminated his relationship with Green Mountain.

10. Plaintiff's termination of services with Green Mountain resulted in an outstanding consumer obligation allegedly owed by Plaintiff in the amount of $216.15 ("subject consumer debt").

11. In approximately May 2018 Green Mountain engaged the services of Defendant in order to seek payment of the subject consumer debt.

12. The subject consumer debt was considered in default by Green Mountain when it engaged the services of Defendant.

13. In approximately November 2018 Plaintiff started receiving collection calls from Defendant to his cellular phone, (956) XXX-4273.

14. At all times relevant to the instant action Plaintiff was financially responsible for the above cellular phone number.

15. Defendant has used the phone number (817) 484-6886 when contacting Plaintiff. Upon information and belief this phone number is regularly used by Defendant during its debt collection activity.

16. Early in the life of the calls Plaintiff told Defendant that the subject consumer debt was the result of disputed services and that he would not pay.

17. Plaintiff specifically told Defendant not to call or contact him regarding the subject consumer debt.

18. Plaintiff has repeated his demands to Defendant not to be contact to no avail as it has continued a campaign of unwanted collection calls through the filing of this action.

19. Defendant has made approximately 30 unwanted calls to Plaintiff's cellular phone since being specifically instructed to cease.

20. Defendant has also caused to be sent to Plaintiff written collection correspondences in which it identifies itself as a debt collector that is attempting to collect on a debt.

21. In one such correspondence dated February 6, 2019, Defendant falsely misrepresented the nature of the subject consumer debt by suggesting that it was medical in nature. Defendant identified the subject consumer debt with the designation "Patient Name".

22. Confused and frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights.

23. Plaintiff has incurred costs and expenses consulting with and retaining his attorneys as a result of Defendant's conduct.

24. Plaintiff has suffered concrete harm due to Defendant's conduct, including but not limited to, aggravation, invasion of privacy, emotional distress, and confusion regarding the subject consumer debt.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though full set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

29. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

   a. **Violations of FDCPA §1692c(a)(1) and §1692d**

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff approximately 30 times after he requested that it cease. Defendant's conduct is continuing through the filing of this action. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

32. Defendant was notified by Plaintiff that its calls were not welcomed and that the subject consumer debt was disputed. As such, Defendant knew that its conduct was inconvenient and harassing.

   b. **Violations of FDCPA § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The false representation of the character, amount, or legal status of any debt."
> 15 U.S.C. §1692e(2)(A).

5

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §1692e and e(10) when it used false and deceptive means to collect or attempt to collect the subject consumer debt. Defendant falsely represented to Plaintiff that it had the legal ability to continue contacting him after being told to stop. By virtue of Plaintiff's demands, Defendant no longer had the lawful ability to contact Plaintiff.

36. Defendant violated §1692e and e(2)(A) when it misrepresented the character of the subject consumer debt as being for medical services. Defendant affirmatively gave the subject consumer debt the false designation of "Patient Name" which materially served to worry and confuse Plaintiff.

    c. **Violations of FDCPA § 1692f**

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject consumer debt by repeatedly and misleadingly calling Plaintiff approximately 30 times after being told to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after being told to stop is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. As pled in paragraphs 22 through 24, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff JESUS MEDINA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e. Enjoining Defendant form further contacting Plaintiff regarding the subject consumer debt; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

42. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

43. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

44. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

45. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone in a deceptive manner approximately 30 times after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of his demands was harassing

7

and abusive. Further, the nature and volume of phone calls placed by Defendant, especially after being told to stop, would logically cause an individual to feel oppressed.

### b. Violations of TDCA § 392.304

46. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits debt collectors from "misrepresenting the character, extent, or amount of a consumer debt . . . ."

47. Defendant violated the TDCA when it misleadingly represented the character of the subject consumer debt as being medical in nature. The subject consumer debt was related to electric energy services. Yet Defendant misleadingly represented the subject consumer debt as being related to medical services by using the designation "Patient Name".

48. As pled in paragraphs 22 through 24, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff JESUS MEDINA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 26, 2019　　　　　　　　　　　Respectfully submitted,

s/ Nathan C. Volheim　　　　　　　　　　　　s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103　　　　　　Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff　　　　　　　　　　　　Counsel for Plaintiff
Admitted in the Southern District of Texas　　Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.　　　　　　　　　Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200　　　　2500 South Highland Ave., Suite 200
Lombard, Illinois 60148　　　　　　　　　　Lombard, Illinois 60148
(630) 568-3056 (phone)　　　　　　　　　　(630) 581-5858 (phone)
(630) 575-8188 (fax)　　　　　　　　　　　(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com　　　　　　　　thatz@sulaimanlaw.com